UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re GEROVA FINANCIAL GROUP, LTD. SECURITIES LITIGATION | : | No. 11 MD 2275-SAS |
| | : | |
| | : | ECF CASE |
| | : | |
| | : | |

-----------------------------------------------------------------x

In re STILLWATER CAPITAL PARTNERS INC. LITIGATION

No.11-CV-2737-SAS

ECF CASE

-----------------------------------------------------------------x

MARGIE GOLDBERG, ET AL., Individually and On Behalf of All Others Similarly Situated,

No. 11-CV-07107-SAS

ECF CASE

      Plaintiffs,

  vs.

GEROVA FINANCIAL GROUP, LTD., ET AL.,

      Defendants.

-----------------------------------------------------------------x

ALI ARAR, ET AL., Individually and On Behalf of All Others Similarly Situated,

No. 11-CV-3081-SAS

ECF CASE

      Plaintiffs,

  vs.

GEROVA FINANCIAL GROUP, LTD., ET AL.,

      Defendants.

-----------------------------------------------------------------x

## STIPULATION AND AGREEMENT OF SETTLEMENT

     This Stipulation and Agreement of Settlement dated February 4, 2014 ("Settlement Stipulation" or "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the Court's approval, this Stipulation is entered into between Plaintiffs (as

defined herein) in the above-captioned actions (the "Class Actions"), individually and on behalf of the proposed Settlement Classes (as defined herein), and defendants, Gerova Financial Group, Ltd. ("Gerova"), Gary Hirst ("Hirst"), Michael Hlavsa ("Hlavsa"), Joseph Bianco ("Bianco"), Jason Galanis ("Galanis"), Arie Van Roon, Tore Nag ("Nag"), Stillwater Capital Partners, LLC, Stillwater Capital Partners, Inc., Jack Doueck, and Richard Rudy, by and through their respective counsel, in the Class Actions.

**WHEREAS**:

A.      On April 21, 2011, a class action, captioned *Russo v. Gerova Financial Group, Ltd., et al.*, 11-CV-2737-SAS (the "Russo Action"), was filed in the United States District Court for the Southern District of New York (the "Court") by plaintiff Julie Russo on behalf of certain investors in any Stillwater Funds (as hereinafter defined) against defendants Bianco, Jack Doueck, Galanis, Gerova, Hirst, Hlava, Net Five Holdings, LLC, Richard Rudy, Stillwater Capital Partners LLC, and Stillwater Capital Partners, Inc., and asserted claims for, *inter alia*, breach of fiduciary duty, breach of contract, and unjust enrichment; and

B.      On June 6, 2011, the Russo Action and a related lawsuit[1] were consolidated under the caption, *In re Stillwater Capital Partners Inc. Litigation*, 11-CV-2737 (the "Stillwater Action"), and Kaplan Fox & Kilsheimer LLP and Murray, Frank & Sailer LLP were appointed Interim Co-Lead Counsel;

C.      On September 9, 2011, plaintiffs in the Stillwater Action (the "Consolidated Plaintiffs") filed an Amended Complaint asserting claims for violations of common and state statutory law arising from, *inter alia*, defendants' failure to honor redemption requests by

_____

[1] The related action was captioned *Jack Hafif, Albert Ades, Morris Missry, Valerie Mizrahi, Linda Zonana, and Janet Dayan, individually and on behalf of all others similarly situated, v. Gerova Financial Group, Ltd., et al.*, 11-CV-3564-SAS.

investors in the Stillwater Funds and failure to register shares of Gerova stock granted to certain investors following Gerova's acquisition of the Stillwater Funds, all of which claims Defendants deny; and

      D.     Whereas the Amended Complaint did not name Galanis as a Defendant, and the Consolidated Plaintiffs filed a Notice of Voluntary Dismissal on September 14, 2011, dismissing all claims against Galanis without prejudice; and

      E.     On or about October 21, 2011, defendants in the Stillwater Action moved to dismiss the Amended Complaint; and

      F.     On March 6, 2012, the Court granted in part and denied in part defendants' motions to dismiss the Stillwater Action and allowed claims for breach of fiduciary duty and breach of contract to proceed against certain defendants; and

      G.     On or about March 22, 2011, a securities class action, captioned *Goldberg, et al. v. Gerova Financial Group, Ltd., et al*, 11-CV-07107-SAS (the "Goldberg Action"), was filed in the United States District Court for the Eastern District of New York on behalf of all persons or entities who were investors in certain funds managed by Stillwater Capital Partners, Inc. and/or Stillwater Capital Partners, LLC and who were promised shares of common stock of Gerova in exchange for their interests in the Stillwater Funds (the "Goldberg Plaintiffs") against defendants Gerova, Stillwater Capital Partners, LLC, Stillwater Capital Partners, Inc., Net Five Holdings, LLC, Hirst, Hlavsa, Jack Doueck, Christopher Holmes, Andrew Tse, Lou Hensley, Arie Jan Van Roon, Stuart L. R. Solomons, Tore Nag, Laslop, Richard Rudy, and Robert Willison; and

      H.     On October 7, 2011, the United States Judicial Panel on Multidistrict Litigation granted a motion for coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407, and the Goldberg Action was transferred to this Court; and

I.      On November 2, 2011, the Goldberg Plaintiffs filed an Amended Class Action Complaint asserting claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act (the "Exchange Act") and violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, as well as common law claims for breach of fiduciary duty and aiding and abetting, arising from defendants' allegedly false and misleading statements and omissions in connection with a consent solicitation provided to investors prior to Gerova's acquisition of the Stillwater Funds, all of which claims Defendants deny; and

J.      On December 7, 2011, defendants in the Goldberg Action moved to dismiss the Amended Class Action Complaint; and

K.      On April 3, 2012, the Court granted in part and denied in part defendants' motions to dismiss the Goldberg Action and allowed the Goldberg Plaintiffs' claims for violations of Sections 10(b) and 20(a), as well as certain breach of fiduciary duty claims, to proceed; and

L.      On May 5, 2011 a securities class action, captioned *Arar v. Gerova Financial Group, Ltd., et al.*, No. 11-CV-3081-SAS (the "Arar Action"), was filed in this Court by plaintiff Ali Arar on behalf of all persons who purchased or acquired Gerova securities from January 8, 2010 through and including February 23, 2011 against defendants Gerova, Hirst, Hlavsa, Bianco, Jack Doueck, Arie Van Roon, and Laslop; and

M.      On September 26, 2011, the Court granted the appointment of certain named plaintiffs as Lead Plaintiff for the Gerova Investor Group (the "Arar Plaintiffs"), and appointed Pomerantz LLP and Wohl & Fruchter LLP as Co-Lead Counsel for plaintiffs in the Arar Action; and

N.      On October 26, 2011, the Arar Plaintiffs filed an Amended Class Action Complaint, which asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act

- 4 -

(the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, alleging that Defendants made material misstatements and omissions concerning, *inter alia*, Gerova's financial condition, the financial condition of the Stillwater Funds, and the interests of insiders in connection with several related-party transactions, all of which claims the Defendants deny; and

O.     On December 7, 2011, defendants in the Arar Action moved to dismiss the Amended Class Action Complaint; and

P.     On April 23, 2012, the Court granted in part and denied in part defendants' motions to dismiss the Arar Action, finding that the Arar Plaintiffs' claims for violations of Section 10(b) and Section 20(a) of the Exchange Act could proceed as against certain of the Defendants; and

Q.     Counsel for Plaintiffs has engaged in extensive investigation of the claims and defenses in the Class Actions; and

R.     Defendants assert that their conduct was entirely proper, that there is no liability or wrongdoing whatsoever, and that their actions did not cause Plaintiffs or any shareholders or investors to suffer any loss or damages; and

S.     Plaintiffs and Defendants herein ("the Parties") have engaged in lengthy and extensive settlement negotiations over the course of more than a year, which also involved the participation of, among others, interested parties in the related Chapter 11 case, captioned *In re Stillwater Asset Backed Offshore Fund Ltd.*, Case No. 12-14140 (ALG) and the Chapter 15 case, captioned *In re Gerova Financial Group, Ltd., et al.*, Case No. 12-13641 (ALG), as well as the insolvency proceeding pending in the Supreme Court of Bermuda, captioned *In the Matter of Gerova Financial Group Limited*, Matter No. 2011 No. 369; and

T.      On December 23, 2013, the Parties entered into the Global Settlement Agreement (the "GSA"), which sets forth the terms of the Parties' agreement to effect the Settlement of Settled Claims (as defined below) that have been, or could have been, asserted by any Party against any other Party and the manner in which distributions under the Settlement shall be effectuated, and which is annexed hereto as Exhibit A and incorporated herein by reference;

**NOW, THEREFORE,** without any admission or concession on the part of Plaintiffs of any lack of merit in the claims asserted, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit in the defenses, it is hereby

**STIPULATED AND AGREED** by and among the Parties, through their respective attorneys, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto and the proposed Settlement Classes (as hereafter defined) from the Settlement, that all Settled Claims (as defined below) shall be finally and fully compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions.

## CERTAIN DEFINITIONS

1.      In addition to the defined terms contained herein and the defined terms contained in the GSA, which are incorporated herein by reference , the following definitions shall apply in this Stipulation:

(a)     "Authorized Claimant" means a Participating Putative Class Member who submits a timely and valid Proof of Claim Form to the Settlement Administrator, in accordance with the requirements established by the Court, that is approved for payment from the respective Settlement Fund.

(b)     "Claimant" means a Participating Putative Class Member who submits a

- 6 -

Proof of Claim to the Settlement Administrator seeking to share in the proceeds of the Settlement Fund.

(c)     "Class Actions" means the Arar Action, the Goldberg Action, and the Stillwater Action, collectively.

(d)     The "CRO" means the Chief Restructuring Officer of Stillwater Asset Backed Offshore Fund Ltd.

(e)     "Defendant Claims" means any and all claims, both known and Unknown Claims, alleged or which could have been alleged by the Defendants, or any of their current or former officers and directors, against the Plaintiffs, Lead Counsel, and any Participating Putative Class Member arising from or related to the matters and occurrences that are alleged in the Class Actions, and the commencement and prosecution of the Class Actions (except for claims to enforce the Settlement).

(f)     "Defendants" means the Stillwater Defendants, Gerova, and the Individual Gerova Defendants.

(g)     "Defendants' Insurance Carrier" means XL Specialty Insurance Company.

(h)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in Paragraph 8 of the GSA.

(i)     "Final" means an order or judgment as to which there is no pending appeal, stay, motion for reconsideration or motion to vacate or similar request for relief, and as to which the period of time for a party to seek any such appeal, stay, motion for reconsideration, or motion to vacate or similar request for relief has expired, or if any such appeal, stay, motion for reconsideration, or motion to vacate or similar request has been filed, after such appeal, stay, motion for reconsideration, or motion to vacate or similar request has been denied and the order

or judgment has been upheld in all material respects and is no longer subject to review.

(j)     "Gerova Insureds" means Gerova, and its former directors and officers and those of its subsidiaries.

(k)     "Individual Gerova Defendants" means Hirst, Hlavsa, Bianco, Galanis, and Nag.

(l)      "Judgment" means the Judgment and Order of Final Approval to be entered by the Court following the settlement fairness hearing ("Settlement Hearing") approving the Settlement, certifying the Settlement Classes for settlement purposes only, approving the release of the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any party, in all material respects in the form attached hereto as Exhibit B.

(m)     "Lead Plaintiffs" means the Consolidated Plaintiffs, the Goldberg Plaintiffs, and the Arar Plaintiffs.

(n)     "Manager" means Evan Blum of GlassRatner Advisory & Capital Group LLC, or such other party as designated pursuant to the GSA as the future manager upon the GSA Effective Date;

(o)     "Net Settlement Fund" means the Settlement Fund, less all fees and expenses awarded by the Court to Lead Counsel (or any other plaintiffs' counsel), any award to the Lead Plaintiffs, any Taxes, and any notice and administration costs paid out of the Settlement Administration Account.

(p)     "Notices" means the Open-Market Class Notice and the Stillwater Class Notice, collectively.

(q)     "Open-Market Class Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Notice of Settlement Fairness

Hearing, in all material respects in the form attached hereto as Exhibit C, which is to be sent to members of the Open-Market Class.

(r)     "Open-Market Settlement Fund Escrow Account" means the escrow account established by Lead Counsel for the Open-Market Class upon receipt of the Settlement Consideration designated for the Open Market Class, and to which Defendants' Insurance Carrier shall wire the Settlement consideration pursuant to Paragraph 10(b) below.

(s)     "Open-Market Settlement Fund Escrow Agent" means Huntington National Bank.

(t)     "Stillwater Class Notice" means the Notice of Proposed Settlement of Class Action,  and Notice of Settlement Fairness Hearing, in all material respects in the form attached hereto as Exhibit D, which is to be sent to members of the Stillwater Class.

(u)      "Open-Market Settlement Class Period" means the period of January 8, 2010 through February 23, 2011 (both dates inclusive).

(v)     "Participating Putative Class Member" means a person or entity that is a member of one of the Settlement Classes and does not exclude himself, herself or itself by filing a request for exclusion in accordance with the requirements set forth in the Open-Market Class and Stillwater Class Notices.

(w)      "Plaintiffs" means the Consolidated Plaintiffs, the Goldberg Plaintiffs, and the Arar Plaintiffs, and all putative class members as defined in the complaints filed in the Class Actions, which do not opt out of the Settlement.

(x)     "Plans of Allocation" means the Stillwater Plan of Allocation and the Open-Market Plan of Allocation, collectively, as defined in paragraphs 10(a) and (b) in the GSA and as set forth on pages 9-10 of the Stillwater Class Notice, and 18-20 of the Gerova Class

Notice or such other plan of allocation as the Court may approve.

(y)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit E, to be entered by the Court that will, for the limited purposes of this Settlement, approve the Class Actions to proceed as class actions, preliminarily approve the Settlement and direct notice to be provided to the Settlement Classes.

(z)     "Open-Market Class Proof of Claim" means the Proof of Claim and Release Form in all material respects in the form attached hereto as Exhibit F.

(aa)    "Stillwater Class  Verification and Release Form" means the Verification and Release Form referenced in the Stillwater Class Notice.

(bb)    "Stillwater Settlement Fund Escrow Account" means the interest bearing escrow account established jointly by the CRO of Stillwater Asset Backed Offshore Fund Ltd. and Lead Counsel within ten (10) business days after the Court enters an order granting the Motion for Preliminary Approval, which shall be controlled by such bank as the Stillwater Settlement Fund  Escrow Agent for the benefit of the Stillwater Settlement Class, and to which Defendants' Insurance Carrier shall wire the Settlement Consideration pursuant to Paragraph 10(a)below.  Collectively, the Open-Market Settlement Fund Escrow Account and Stillwater Settlement Fund Escrow Account shall be referred to as the "Escrow Accounts".

(cc)    "Stillwater Settlement Fund Escrow Agent" means Valley National Bank. Collectively, the Open Market Settlement Fund Escrow Account Agent and Stillwater Settlement Fund Escrow Agent shall be referred to as the "Escrow Agents".

(dd)    "Proof of Claim" means the Open-Market Class Proof of Claim and the Stillwater Class Verification and Release Form, collectively.

(ee)    " Publication Notice for Open Market Class" means the Summary Notice

of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit G.

(ff)    " Publication Notice for Stillwater Class" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit H.

(gg)    "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Settlement Administrator to be compensable under the Plan of Allocation.

(hh)    "Released Parties" means those parties who are released pursuant to paragraph 5 of the GSA.

(ii)    "Settled Claims" shall have the meaning set forth in paragraph 2 of the GSA.

(jj)    "Settlement" means the settlement contemplated by this Stipulation and the GSA.

(kk)    "Settlement Administrator for the Open Market Class" means the firm of Strategic Claims Services, which shall administer the Settlement for the Open Market class, including sending a mailed Notice to Open Market Settlement Class Members, arranging for publication of Notice, processing claims, and performing such other administrative functions as are required under this Stipulation.

(ll)    "Settlement Administration Account" means an interest bearing account to be maintained by the Settlement Administrator for payment of the expenses of administering the Settlement.

(mm)   "Settlement Classes" means, for purposes of this Settlement only, the

Stillwater Class, the Goldberg Class, and the Open-Market Class, as hereinafter defined, collectively.  Excluded from the Settlement Classes are Defendants, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Classes are any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(nn)    "Settlement Class Claims" means any and all claims, both known and Unknown Claims (as defined below), alleged or which could have been alleged in the Class Actions against the Defendants, or against any defendant previously named in the respective complaints in each of the Class Actions, or against any other of the Released Parties, arising from or in any way relating to the matters or occurrences that were alleged in the Class Actions (except for claims to enforce the Settlement).

(oo)    "Settlement Consideration" means three million four hundred thirty thousand dollars ($3,430,000) in cash to be paid or caused to be paid into the Escrow Account by Defendants' Insurance Carrier on behalf of the Gerova Insureds.

(pp)    "Settlement Fund" means the Settlement Consideration distributed to the Stillwater Class and the Open-Market Class as provided for in paragraph 10 herein, plus any and all interest accrued thereon.

(qq)    "Settlement Fund Distribution Order" means the order approving the Settlement Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein; approving of any fees and expenses not previously applied for, including the fees and expenses of the Settlement Administrator; and directing distribution of the Net Settlement Fund to the Authorized Claimants.

(rr)    "Settling Defendants" the same parties referenced as Named Defendants in the GSA.

(ss)    "Settling Parties" means Plaintiffs, on behalf of themselves and the Participating Putative Class Members, and the Settling Defendants.

(tt)    "Stillwater Defendants" means Stillwater Capital Partners, LLC, Stillwater Capital Partners, Inc. (collectively, "Stillwater Capital Partners"), and their shareholders and members, Jack Doueck and Richard Rudy, and each of their spouses, beneficiaries, heirs, and trusts.

(uu)    "Stillwater Funds" means all funds or investment vehicles and entities, individually, collectively, or in combination, managed by Stillwater Capital Partners, Inc., or of which Stillwater Capital Partners, LLC acted as the general partner, including, but not limited to, any funds acquired by, or whose assets were acquired by, Gerova or any of Gerova's subsidiaries or affiliates, as well as the following entities (as set forth in paragraph 3 of the GSA):

a.       Stillwater Asset Backed Fund LP;

b.       Stillwater Asset Backed Fund II, LP;

c.       SABF II Onshore SPV;

d.       Stillwater Asset Backed Offshore Fund Ltd;

e.       Stillwater Asset Backed Fund SPV;

f.       Stillwater Market Neutral Fund LP;

g.       Stillwater Market Neutral Fund II, LP;

h.       Stillwater Market Neutral Fund Ltd;

i.       Stillwater Matrix Fund LP;

j.       Stillwater Real Estate Partners LP;

k.       Stillwater WPB Venture LP; and

l.       Stillwater WPB Venture II L.P.

(vv)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable and necessary costs and expenses incurred in connection with determining the amount of, and paying, any taxes owed by the Net Settlement Fund (including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants).

(ww)    "Unknown Claims" means: (i) any and all Settlement Class Claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement; and (ii) and any and all Defendant Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to the Settled Claims, the Settling Parties stipulate and agree that

- 14 -

upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Settlement

Class Member shall be deemed to have waived, and by operation of the Judgment shall have

expressly waived, any and all provisions, rights and benefits conferred by any law of any state or

territory of the United States or principle of common law, that is similar, comparable, or

equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

The Settling Parties acknowledge, and Settlement Class Members by operation of law shall be

deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Settlement Class Claims and Defendant Claims was separately bargained for and was a key

element of the Settlement.

## CLASS CERTIFICATION

2.      For the sole purpose of the Settlement, Settling Defendants stipulate, agree, and

consent that the following classes shall be conditionally certified pursuant to Rule 23(b)(3) of the

Federal Rules of Civil Procedure:

(a)      The Stillwater Class shall be defined as all persons or entities, other than

the Named Defendants or the officers and directors of Gerova or of any subsidiary of Gerova,

and such excluded persons family members (only spouse and minor children), affiliates and

entities controlled by them, who invested in any of the Stillwater Funds and whose interests in

any of the Stillwater Funds were transferred in the transactions between Stillwater and Gerova

consummated on January 20, 2010, and who (1) submitted a request for full or partial

redemption of their accounts in the Stillwater Funds prior to December 23, 2009 and have not

been paid in full on those redemption requests and/or (2) received Gerova Series A Preferred Stock, which was converted or was to be converted into restricted, unregistered Gerova ordinary shares; and

(b)    The Goldberg Class shall be defined as all persons or entities who were investors in the Stillwater Funds, other than the Named Defendants or the officers and directors of Gerova or of any subsidiary of Gerova, and such excluded persons family members (only spouse and minor children), affiliates and entities controlled by them, who were promised the common stock of Gerova in exchange for their interests in the Stillwater Funds pursuant to a share exchange agreement dated on or about December 23, 2009, and that was completed on January 20, 2010; and

(c)    The Open-Market Class shall be defined as all persons or entities, other than the Named Defendants or the officers and directors of Gerova or of any subsidiary of Gerova, and such excluded persons family members (only spouse and minor children), affiliates and entities controlled by them, who purchased or otherwise acquired Gerova securities from January 8, 2010, through and including February 23, 2011.

3.    For the sole purpose of the Settlement, Settling Defendants further stipulate, agree, and consent to appointment of Lead Plaintiffs as follows: (i) in the Stillwater Action, the Consolidated Plaintiffs shall be appointed as class representatives of the Stillwater Class; (ii) in the Goldberg Action, the Goldberg Plaintiffs shall be appointed as class representatives of the Goldberg Class; and (iii) in the Arar Action, the Arar Plaintiffs shall be appointed as class representatives of the Open-Market Class.

4.    For the sole purpose of the Settlement, Settling Defendants further stipulate, agree, and consent to the appointment of Lead Counsel pursuant to Rule 23(g) of the Federal

Rules of Civil Procedure as follows:

(a)    In the Stillwater Action, Frank & Bianco LLP and Kaplan Fox & Kilsheimer LLP shall be appointed as Lead Counsel for the Stillwater Class; and

(b)    In the Goldberg Action, the Rosen Law Firm, P.A. shall be appointed as Lead Counsel for the Goldberg Class; and

(c)    In the Arar Action, Pomerantz Haudek Grossman & Gross LLP and Wohl & Fruchter LLP shall be appointed as Lead Counsel on behalf of the Open-Market Class.

5.    Following execution of this Stipulation, Plaintiffs, with the consent of Settling Defendants, shall apply to the Court for entry of the Preliminary Approval Order, which will certify the Class Actions to proceed as class actions for settlement purposes only.  Settling Defendants shall have the right to withdraw from the Stipulation (specifically including the provisions in this Paragraph regarding class certification and appointment of class representatives and class counsel) in the event that the Settlement does not become Final.

## RELEASE OF CLAIMS

6.    As provided by this Stipulation and in paragraph 5 of the GSA, the obligations incurred pursuant to this Stipulation and pursuant to the GSA shall be in full and final disposition of the Class Actions, and shall fully and finally release any and all Settled Claims.

7.    Upon the Effective Date of this Settlement, Lead Plaintiffs and Participating Putative Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), on behalf themselves and their heirs, exectors, administrators and assigns, and any person(s) they represent, shall be deemed by this Settlement to, and shall, release, waive, dismiss, and forever discharge the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the

Settlement Class Claims. It is an important element to the Settling Defendants' participation in this Settlement that the Released Parties obtain the fullest possible release from liability to any Lead Plaintiff or Participating Putative Class Member relating to the Settlement Class Claims, and it is the intention of the Settling Parties that any liability of the Released Parties relating to the Settlement Class Claims be eliminated.

8.      Upon the Effective Date of this Settlement, Defendants, on behalf themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, as well as any of their current and former officers and directors, shall be deemed by this Settlement to, and shall release, waive, dismiss, and forever discharge the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

## THE SETTLEMENT CONSIDERATION

9.      In full and complete settlement of the Settlement Class Claims, within ten (10) business days after the Court enters the Preliminary Approval Order, the Settling Defendant shall cause Defendants' Insurance Carrier to pay by wire transfer the Settlement Consideration to the Open-Market Settlement Fund Escrow Account and Stillwater Settlement Fund Escrow Account. The Escrow Agents shall provide complete wire transfer instructions to Defendants' Insurance Carrier at least three business days prior to the date of such payment.

10.      The Settlement Consideration shall be distributed by the Escrow Agents within fourteen (14) business days after the GSA Effective Date as follows, or as further ordered by the Court:

(a)      Two million and fifty eight thousand dollars ($2,058,000) for distribution to the Stillwater Class by the Manager and to Lead Counsel for the Stillwater Class (the "Gerova

D&O Policy Payment to the Stillwater Class and Creditors"), and for notice costs as set forth herein; and

(b)      One million three hundred and seventy-two thousand dollars ($1,372,000) for distribution to the Open-Market Class (the "Gerova D&O Policy Payment to the Open-Market Class"), and for notice costs as set forth herein.

11.      The Settlement Fund shall be used to pay all fees and expenses awarded by the Court to Lead Counsel (or any other plaintiffs' counsel), any award to the Lead Plaintiffs, any Taxes, and any notice and administration costs.  The remaining balance shall be the Net Settlement Fund and shall be distributed to Authorized Claimants as provided herein in Paragraphs 22 to 25.

12.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Settled Class Claims.  All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the fees and expenses of Lead Counsel (or any other plaintiffs' counsel) and any award to Lead Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes shall be paid from the Settlement Fund.  The Settlement Consideration is the lone monetary responsibility of the Settling Defendants, the Defendants' Insurance Carrier, and the Released Parties under the Settlement and members of the Settlement Classes who do not timely seek to exclude themselves from the Settlement Classes shall look solely to the Net Settlement Fund for satisfaction of any and all Settled Claims.

13.      The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants' Insurance Carrier pursuant to this Stipulation and/or

further order of the Court.  Until such time as the Settlement and Judgment become Final, the

Settlement Fund may only be invested in United States Treasury Bills with a maturity of 90 days

or less in an account held at a nationally recognized financial institution.

### USE AND ADMINISTRATION OF THE ESCROW ACCOUNTS

14.     The Escrow Accounts will be a "Qualified Settlement Fund" within the meaning

of Treasury Regulation § 1.468B-1.  The Escrow Agents shall be solely responsible for ensuring

that the Escrow Accounts comply with the requirements and regulations governing Qualified

Settlement Funds, for filing any tax returns for the Settlement Funds, and for paying all Taxes

owed with respect to the Settlement Funds.

15.     The Escrow Agents will bear all responsibility and liability for managing the

Settlement Funds for the benefit of the Settlement Classes, and cannot assign or delegate its

responsibilities without approval of the Settling Parties and Defendants' Insurance Carrier.

Statements of account will be provided to the Settling Parties and Defendants' Insurance Carrier

on a monthly basis until the Judgment becomes Final.

16.     All interest on the Settlement Fund will accrue for the benefit of the Settlement

Classes, so long as the Settlement becomes Final, until distribution of the Net Settlement Fund is

made to each of the Settlement Classes after the Judgment becomes Final, and none of the

Released Parties shall have any supervisory authority or responsibility with respect to the Escrow

Accounts.

17.     After the Judgment becomes Final, all costs and Taxes shall be paid out of the

Escrow Accounts, and neither the Settling Defendants, nor Defendants' Insurance Carrier, nor

any of the Released Parties shall have any supervisory authority or responsibility with respect to

such payments.  Any remaining reasonable and necessary costs of administration, notice to the

Settlement Classes, and Taxes shall be paid out of the Settlement Administration and Escrow

Accounts without further order of the Court.  Under no circumstances shall Lead Plaintiffs or

Lead Counsel have any responsibility for such costs.

18.     In the event the Settlement and Judgment do not become Final or the Settlement is

terminated as provided herein, within seven (7) business days of entry of the order rendering the

Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies held

in the Escrow Accounts, including interest earned, shall be returned to Defendants' Insurance

Carrier upon demand from either Settling Defendants or Defendants' Insurance Carrier to the

Escrow Agents. Lead Plaintiffs, the Settlement Class and Lead Counsel shall have no

responsibility for the return of such monies.  Once the Settlement becomes Final, no monies shall

revert to the Settling Defendants or Defendants' Insurance Carrier.

**USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT**

19.     Upon deposit in the Escrow Accounts of the Settlement Consideration, the

Escrow Agents may transfer to the Settlement Administration Account (i) $100,000 from the

Gerova D&O Policy Payment to the Stillwater Class and Creditors in order to pay reasonable

and necessary notice and administration costs for the Stillwater Class; and (ii) $200,000 from the

Gerova D&O Policy Payment to the Open-Market Class to the Settlement Administration

Account in order pay reasonable and necessary administration costs for the Open-Market Class.

No other disbursements from the Escrow Accounts will occur until the Judgment becomes Final

absent agreement of the Settling Parties and approval from the Court.

20.     After the Judgment becomes Final, any remaining monies in the Settlement

Administration Account shall be transferred back to the Escrow Accounts and then re-distributed

to the Stillwater Class and the Open-Market Class, respectively, in accordance with paragraph 9

of the GSA.  In the event the Settlement and Judgment do not become Final or the Settlement is

terminated as provided herein, within seven (7) business days of entry of the order rendering the

Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies held

in the Settlement Administration Account, including interest earned, shall be returned to

Defendants' Insurance Carrier upon demand from the Defendant's Insurance Carrier.  Lead

Plaintiffs, the Settlement Classes and Lead Counsel shall have no responsibility for the return of

such monies.  Once the Settlement becomes Final, no monies shall revert to the Settling

Defendants or Defendants' Insurance Carrier.

21.     Without prior approval from the Court, the Settling Defendants, or Defendants'

Insurance Carrier, the Settlement Administrator may pay from the Settlement Administration

Account the reasonable and necessary costs and expenses associated with administering the

Settlement, including without limitation identifying and notifying members of the Settlement

Class.

## PLANS OF ALLOCATION

22.     The Settlement Administrator shall administer the Settlement Fund subject to the

jurisdiction of the Court and pursuant to this Stipulation and the Plans of Allocation annexed

hereto as portions of Exhibits C and D.

23.     The Stillwater Plan of Allocation shall provide for allocation of the Gerova D&O

Policy Payment to the Stillwater Class and Creditors as provided in paragraph 10(a) of the GSA

and as set forth in Exhibit D.

24.     The Open-Market Plan of Allocation shall provide for allocation of the Gerova

Policy Payment to the Open-Market Class as provided in paragraph 10(b) of the GSA and as set

forth in Exhibit C.

25.     The Plans of Allocation proposed in the Notices are not a necessary term of this Stipulation or the Settlement, and any change, modification, or alteration to the Plans of Allocation by the Court shall not be grounds for termination of the Settlement.  The Plans of Allocation are to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Stipulation.

## ADMINISTRATION OF THE SETTLEMENT

26.     Any Participating Putative Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Class Actions and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Class Claims.

27.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of the members of the Settlement Classes and the Stillwater Funds' investors' ownership interests and account values on an individual and fund-by-fund basis as of December 31, 2009, as provided in paragraphs 10 and 21 of the GSA, in no event shall the Settling Defendants, the Defendants' Insurance Carrier, or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Settling Defendants, nor the Defendants' Insurance Carrier, nor any of the Released Parties shall have any obligation or liability to the Lead Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

28.     For purposes of determining the extent, if any, to which a member of a Settlement Class shall be entitled to be treated as an Authorized Claimant, the following conditions (subject

to Court order) shall apply:

(a)    Each Participating Putative Class Member shall be required to submit a valid Proof of Claim, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable.

(b)    All Proofs of Claim must be submitted by the date specified in the Notices.  Any Participating Putative Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment to be entered in the Class Actions and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Class Claims.  Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions provided in the Notice.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

(c)    Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each Claimant is an Authorized Claimant.

(d)    The administrative determinations of the Settlement Administrator accepting or rejecting claims shall be presented to the Court on notice to the Parties, for approval by the Court in the Settlement Fund Distribution Order.

29.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Participating Putative Class Member and the validity of the amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Class Actions or Settlement in conjunction with the processing of the Proofs of Claim.

30.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Participating Putative Class Members.  All Participating Putative Class Members whose claims are not approved by the Court shall be barred from participating in the distribution from the Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in these Class Actions and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settlement Class Claims.

31.     All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

## DISTRIBUTION OF THE SETTLEMENT

32.     The Settlement Administrator or Manager shall determine and allocate to each Authorized Claimant that Authorized Claimant's proportionate share of either (i) the Gerova D&O Policy Payment to the Stillwater Class and Creditors, or (ii) the Gerova D&O Policy Payment to the Open-Market Class, based on each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants in the Stillwater Class or the Open-Market Class, as the case may be with respect to each Authorized Claimant's Proof of Claim.  The Settling Defendants, Defendants' Insurance Carrier, and the Released Parties shall

have no involvement in reviewing, challenging, or approving the Proof of Claim or in distributing the Net Settlement Fund.

33.     After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

34.     The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after:

(a)     all Claims have been processed;

(b)     all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and such resolution by the Court is Final; and

(c)     all costs of administration have been paid.

## ATTORNEYS' FEES AND EXPENSES

35.     Lead Counsel for the Goldberg and Stillwater Classes will collectively apply to the Court for an award of attorneys' fees in the amount of seven hundred thousand dollars ($700,000), plus reasonable out-of-pocket expenses, to be paid from the Gerova D&O Policy Payment to the Stillwater Class and Creditors (the "Fee Application").  To the extent that Lead Counsel for the Stillwater Class incurs expenses subsequent to the filing of the Fee Application, Lead Counsel can apply for reimbursement of those expenses.

36.     Lead Counsel for the Open-Market Class will apply to the Court for an award of attorneys' fees not to exceed 33% of the Settlement and reimbursement of reasonable costs and expenses in an amount Fund, to be paid from the Gerova D&O Policy Payment to the Open-Market Class.

37.     Upon Court approval of the awards of attorneys' fees and expenses, such awards (the "Fee and Expense Awards") shall be paid to Lead Counsel, respectively, in accordance with

paragraph 9 of the GSA.  Such awards shall be paid ten (10) business days after entry of (a) the Court's order granting the Fee and Expense Awards, and (b) the Judgment.

38.     If the Effective Date does not occur or if this Settlement Stipulation is terminated, then any Fee and Expense Awards are no longer payable.  In the event that any portion of the Fee and Expense Awards are paid from the Settlement Fund, and the Effective Date does not occur or this Settlement Stipulation is terminated, each Lead Counsel, respectively, shall have the obligation to, and shall within ten (10) Business Days from the event which precludes the Effective Date from occurring or the termination of the Settlement Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to each Lead Counsel, respectively, and in addition shall pay into the Settlement Fund interest on the amount refunded at the average rate earned on the Settlement Fund from the time of payment of the Fee and Expense Award until the date of refund.  Lead Counsel, as a condition of receiving such Fee and Expense Awards, agrees that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Paragraph 38 and Paragraph 39 below.

39.     If any Fee and Expense Award is reduced or reversed on appeal, Lead Counsel receiving such Fee and Expense Award shall have the obligation to, and shall within ten (10) business days from the date of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Classes in the manner directed in the Final order.

40.     The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel (or any other plaintiffs' counsel) for attorneys' fees and expenses to be paid out of the Settlement Consideration is not a necessary term of the Settlement or this

Stipulation and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved.

41.     Neither the Settling Defendants, nor Defendants' Insurance Carrier, nor any of the Released Parties shall have any responsibility, or liability with respect to, the attorneys' fees or expenses that the Court may award in this Action or the allocation of the fees and expenses that Lead Counsel may make to other counsel who may represent or purport to represent Lead Plaintiffs or the Settlement Classes in connection with the Class Actions or any other person who may assert some claim thereto.

## TERMS OF ORDER FOR NOTICE AND HEARING

42.     Promptly after this Stipulation has been fully executed, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order.

## TERMS OF ORDER AND JUDGMENT

43.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter the Judgment.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

44.     The Effective Date of Settlement shall be the date when all of the following shall have occurred:

> (a)     Completion of Confirmatory Discovery, as provided in 17 of the GSA;

> (b)     Approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

> (c)     Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the

- 28 -

Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

47. 45.     Each of the Parties shall have the right to terminate its participation in this Settlement as provided in paragraph 22 of the GSA.

46.     In the event of a termination,, the Stipulation and releases provided for therein shall become null and void and of no further force and effect (except for Paragraphs 38 and 39 which shall survive the termination), and the Parties shall be deemed to have reverted to their respective positions as they existed prior to the execution of the GSA, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation.  The Parties shall thereafter proceed in all respects as if the Stipulation and any related orders had not been entered.

## NO ADMISSION OF WRONGDOING OR LIABILITY

47.     The Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Settling Defendants are entering into this Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.

48.     This Stipulation, whether or not consummated, and any statements made or proceedings taken pursuant to it:

(a)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in the Class Actions or the validity of any claim that has been or could have been asserted against any of the Released Parties in the Class Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the

Class Actions or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

(b)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiffs or any Participating Putative Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiffs.

(c)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties, the Lead Plaintiffs, or any Participating Putative Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiffs, or any Participating Putative Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiffs, or any Participating Putative Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Released Parties, the Lead Plaintiffs, and any Participating Putative Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

(e)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against Lead Plaintiffs or any Participating Putative Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiffs or any Participating Putative Class Member that any of their claims are without merit, or that any defenses asserted by Defendants or any former defendants in the Class Actions have any merit, or that damages recoverable in the Class Actions would not have exceeded the Settlement Fund; and

(f)     Is not, shall not be deemed to be, and may not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in the Class Actions, except for purposes of this Settlement.

## MISCELLANEOUS PROVISIONS

49.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

50.     The GSA, and all exhibits annexed thereto, is hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of the GSA, or any exhibit thereto, the terms of the GSA shall prevail.

51.     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiffs or the Participating Putative Class Members against the Released Parties concerning

the Settled Class Claims and against the Lead Plaintiffs and Participating Putative Class Members by the Defendants concerning the Defendant Claims.  Accordingly, Lead Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  The Lead Plaintiffs and Defendants shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Class Actions.  The Parties agree that the Settlement Consideration and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

52.     This Stipulation may not be modified or amended except by a writing signed by all signatories hereto or their successors-in-interest, nor may a party be deemed to have waived any provision (including this provision) expect by a writing signed by that Party or its successor-in-interest.

53.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel (or any other plaintiffs' counsel) and enforcing the terms of this Stipulation.

55.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by the waiving party of any other prior or subsequent breach of this Stipulation or a waiver by any other party of any breach of this Stipulation.

56.     Other than the GSA, incorporated herein by reference, this Stipulation and its

exhibits constitute the entire agreement among the Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any Party concerning this Stipulation and its exhibits other than those contained, memorialized, or referenced in such documents.

57.     This Memorandum may be executed in one or more counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

58.     This Stipulation shall be binding upon, and inure to the benefit of, the Parties hereto and their successors and assigns.

59.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.     Any dispute regarding the interpretation or terms of this Stipulation shall be resolved in accordance with paragraph 25 of the GSA.  If the dispute resolution procedure set forth in paragraph 25 of the GSA fails, the dispute shall be submitted to the Court.

61.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and all other persons executing this Stipulation or any of the exhibits hereto, or any incorporated Settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     The Settling Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

64.     Lead Counsel and the Settling Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and this Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

If any Party is required to give notice to any other Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, or facsimile transmission with confirmation of receipt.

Dated: February 4, 2014

**POMERANTZ LLP**


By:_____

    Jeremy A. Lieberman
    Marc I. Gross
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: migross@pomlaw.com


-  and -

**WOHL & FRUCHTER LLP**


    Ethan D. Wohl
    Krista T. Rosen
570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel: (212) 758-4000
Fax: (212) 758-4004
Email: ewohl@wohlfruchter.com

**Co-Lead Counsel in the *Arar* Action**

**FRANK & BIANCO LLP**


By:_____

    Marvin L. Frank
275 Madison Avenue, Suite 801
New York, New York 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
Email: mfrank@frankandbianco.com

- and -

**KAPLAN FOX & KILSHEIMER LLP**


By:_____

    Frederic S. Fox
    Donald R. Hall
    Melinda Campbell
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
Email: ffox@kaplanfox.com

**Counsel in the *Stillwater* Action**

**THE ROSEN LAW FIRM**

By:_____

    Laurence M. Rosen

275 Madison Avenue, 34th Floor

New York, New York 10016

Tel: (212) 686-1060

Fax: (212) 202-3827

Email: lrosen@rosenlegal.com

**Lead Counsel in the *Goldberg* Action**

**HERRICK, FEINSTEIN LLP**

By:_____

    Arthur G. Jakoby

    Christopher P. Greeley

2 Park Avenue

New York, New York 10016

Tel: (212) 592-1400

Fax: (212) 545-3320

Email: ajakoby@herrick.com

**Attorneys for Defendants Stillwater Capital Partners, Inc., Stillwater Capital Partners LLC, Jack Doueck and Richard Rudy**

**DLA PIPER LLP (US)**


By:_____
    Joshua S. Sohn
    Caryn Schechtman
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: joshua.sohn@dlapiper.com

**Attorneys for Defendant Gary Hirst**

**WEINGARTEN BROWN LLP**


By:_____
    Alex Weingarten
10866 Wilshire Boulevard - Suite 500
Los Angeles, California 90024
Tel: (310) 229-9300
Fax: (310) 229-9380
Email: aw@wbllp.com

**Attorneys for Defendant Joseph Bianco**

**MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**


By:_____
    Benjamin S. Fischer
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax: (212) 856-9494
Email: bfischer@maglaw.com

**Attorneys for Defendant Michael Hlavsa**

**WILLKIE FARR & GALLAGHER LLP**


By:_____
    Deirdre Norton Hykal
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
Email: dhykal@willkie.com

**Attorneys for Defendant Tore Nag**

**GROSS LAW**

By: _____
         Stuart Gross
The Embarcadero
Pier 9, Suite 100
San Francisco, California 94111
Tel: (415) 671-4628
Fax: (415) 480-6688
Email: sgross@gross-law.com

**Attorneys for Jason Galanis**

**HOGAN LOVELLS US LLP**


By:_____
    Peter A. Ivanick
    Scott W. Reynolds
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3300
Fax: (212) 918-3100
Email: peter.ivanick@hoganlovells.com
Email: scott.reynolds@hoganlovells.com

**Attorneys for Joint Provisional Liquidators
of Gerova Financial Group, Ltd.**

**POMERANTZ LLP**

By:_____
    Jeremy A. Lieberman
    Marc I. Gross
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: migross@pomlaw.com


- and -

**WOHL & FRUCHTER LLP**

    Ethan D. Wohl
    Krista T. Rosen
570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel: (212) 758-4000
Fax: (212) 758-4004
Email: ewohl@wohlfruchter.com

**Co-Lead Counsel in the *Arar* Action**

**FRANK & BIANCO LLP**

By:_____
    Marvin L. Frank
275 Madison Avenue, Suite 801
New York, New York 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
Email: mfrank@frankandbianco.com

- and -

**KAPLAN FOX & KILSHEIMER LLP**

By:_____
    Frederic S. Fox
    Donald R. Hall
    Melinda Campbell
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
Email: ffox@kaplanfox.com

**Counsel in the *Stillwater* Action**

POMERANTZ LLP

By:_____
    Jeremy A. Lieberman
    Marc I. Gross
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: migross@pomlaw.com


- and -

WOHL & FRUCHTER LLP

    Ethan D. Wohl
    Krista T. Rosen
570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel: (212) 758-4000
Fax: (212) 758-4004
Email: ewohl@wohlfruchter.com

**Co-Lead Counsel in the *Arar* Action**

FRANK & BIANCO LLP

By:_____
    Marvin L. Frank
275 Madison Avenue, Suite 801
New York, New York 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
Email: mfrank@frankandbianco.com

- and -

**KAPLAN FOX & KILSHEIMER LLP**

By:_____
    Frederic S. Fox
    Donald R. Hall
    Melinda Campbell
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
Email: ffox@kaplanfox.com

**Counsel in the *Stillwater* Action**

**THE ROSEN LAW FIRM**                    **HERRICK, FEINSTEIN LLP**


By:_____          By:_____
    Laurence M. Rosen                     Arthur G. Jakoby
275 Madison Avenue, 34th Floor             Christopher P. Greeley
New York, New York 10016               2 Park Avenue
Tel: (212) 686-1060                    New York, New York 10016
Fax: (212) 202-3827                    Tel: (212) 592-1400
Email: lrosen@rosenlegal.com           Fax: (212) 545-3320
                                       Email: ajakoby@herrick.com

**Lead Counsel in the *Goldberg* Action**

**Attorneys for Defendants Stillwater Capital Partners, Inc., Stillwater Capital Partners LLC, Jack Doueck and Richard Rudy**

- 36 -

HOGAN LOVELLS US LLP

By: _____
    Peter A. Ivanick
    Scott W. Reynolds
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3300
Fax: (212) 918-3100
Email: peter.ivanick@hoganlovells.com
Email: scott.reynolds@hoganlovells.com

**Attorneys for Joint Provisional Liquidators
of Gerova Financial Group, Ltd.**

**MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**


By:_____
    Benjamin S. Fischer
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax: (212) 856-9494
Email: bfischer@maglaw.com

**Attorneys for Defendant Michael Hlavsa**

**WILLKIE FARR & GALLAGHER LLP**

By:_____
    Deirdre Norton Hykal
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
Email: dhykal@willkie.com

**Attorneys for Defendant Tore Nag**

THE ROSEN LAW FIRM                              HERRICK, FEINSTEIN LLP


By:_____/s/_____            By:_____
     Jonathan Horne                                  Arthur G. Jakoby
     Laurence M. Rosen                               Christopher P. Greeley
275 Madison Avenue, 34th Floor        2 Park Avenue
New York, New York 10016                         New York, New York 10016
Tel: (212) 686-1060                              Tel: (212) 592-1400
Fax: (212) 202-3827                              Fax: (212) 545-3320
Email: lrosen@rosenlegal.com                     Email: ajakoby@herrick.com


**Lead Counsel in the *Goldberg* Action**       **Attorneys for Defendants Stillwater Capital Partners, Inc., Stillwater Capital Partners LLC, Jack Doueck and Richard Rudy**

**POMERANTZ LLP**

By:_____

    Jeremy A. Lieberman
    Marc I. Gross
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: migross@pomlaw.com


- and -

**WOHL & FRUCHTER LLP**

    Ethan D. Wohl
    Krista T. Rosen
570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel: (212) 758-4000
Fax: (212) 758-4004
Email: ewohl@wohlfruchter.com

**Co-Lead Counsel in the *Arar* Action**

**FRANK & BIANCO LLP**

By:_____

    Marvin L. Frank
275 Madison Avenue, Suite 801
New York, New York 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
Email: mfrank@frankandbianco.com

- and -

**KAPLAN FOX & KILSHEIMER LLP**

By:_____

    Frederic S. Fox
    Donald R. Hall
    Melinda Campbell
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
Email: ffox@kaplanfox.com

**Counsel in the *Stillwater* Action**

- 35 -

DLA PIPER LLP (US)

WEINGARTEN BROWN LLP

By:_____

Joshua S. Sohn
Caryn Schechtman
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: joshua.sohn@dlapiper.com

**Attorneys for Defendant Gary Hirst**

By:_____

Alex Weingarten
10866 Wilshire Boulevard - Suite 500
Los Angeles, California 90024
Tel: (310) 229-9300
Fax: (310) 229-9380
Email: aw@wbllp.com

**Attorneys for Defendant Joseph Bianco**